United States District Court
Southern District of Texas
FILED

MAR 29 2000

MICHAEL N. MILBY CLERK

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| WILLIAM CALVIN GRIMES, | ǀ |
| Petitioner | ǀ |
| Vs. | ǀ |
| UNITED STATES OF AMERICA, | ǀ |
| Defendants | ǀ |

C 00 130

## PETITION FOR THE GREAT WRIT OF HABEAS CORPUS
## AD PROSQUENDUM/AD SUBJICIENDUM

Comes now WILLIAM CALVIN GRIMES, hereinafter known as your Petitioner , who deposes and says ,the United States District Court for the Southern District of Texas lacks Subject-matter and factual jurisdiction in the above styled case. In accordance with **CARBO vs. UNITED STATES** 364 US 611, 5 L ed 2d 329, 81 S Ct 338; in the headnotes we find "**Rigid Formulae as to the Writ of Habeas Corpus ad prosquendum as well as the Writ of habeas corpus ad subjiciendum may be tempered by factual considerations requiring the decision that it's objective may be in no way impaired or defeated**".

Article III s/s 2.1 of the Constitution does not recognize civil action, which is the fraternal twin of Maritime Law and operates under Admiralty Rules . These rules being repugnant to the course of common law.

Territorial Courts of the United States, which are blatantly and unconstitutionally designated as United States District Courts, suffer greatly under the exegesis of Chief Justice Marshall as he addressed their character and mode of operation in **AMERICAN INSURANCE CO., vs. 356 BALES OF COTTON,** 1 Pet. 511 (1828); quoted the Chief Justice inhis address; "These {territorial } courts are not Constitutional Courts, in which the Judicial Power conferred by the constitution on the general government can be deposited. They are incapable of receiving it. They are Legislative Courts, created in virtue of the general rights of sovereignty which exists in the Government , or in virtue of that clause , which enables Congress to make all needful rules and regulations, respecting the territory belonging to the United States. The Jurisdiction with which they are invested, is not part of that judicial power which is defined in the 3rd Article of the Constitution, but is conferred by Congress, in the execution of those general powers which that body possesses over the territories of the United States. Although Admiralty Jurisdiction can be exercised in the states in those courts only which are established in pursuance of the 3rd Article to the Constitution. The same limitation does not extend to the territories. In legislating for them, Congress exercises the combined powers of the General and of the State Government.

Federal Courts of an Article III nature situated in the Several States may hear Admiralty and Maritime cases, but jurisdiction follows the ebb and flow of the seas, and other waters which are considered international or outside the jurisdiction of any given State of the union. Article III Federal Judicial Authority reaches the union of the Several States and the

sovereignty of the people of such states only in law and equity.  As contemplated by the <u>ARISING UNDER</u> clause at Article III s/s 2.1 of the Constitution.  The Fifth, Sixth, and Seventh Articles of Amendments , as articulated by Chief Justice Marshall in <u>**WAYMAN vs. SOUTHARD, et.al.,**</u> Supra, stand as obsolete barriers to the United States, proceeding against the Sovereign people of the Several States, depriving them of life, liberty, or property, except in the course of common law.

Limitation of Federal Rules of Civil and Criminal Procedure, Rules of Evidence, and rules of Appellate Procedure, which is clearly articulated at 28 U.S.C. s/s 2072 (b), which is evidence of what the law promulgated in the Statutes at large is, and stands as self evident truth; Federal rules of procedure, etc. cannot abridge substantive rights benefits & protections secured by the Constitution of the United States, and it's Articles of Amendments, with that which is applicable where the instant matter is concerned being substantive Due Process in the course of common law as demanded by the 5th Article of amendment to the Constitution of the United States.   Your Petitioner has demonstrated and will go much further in demonstrating he is entitled to said rights, and protections of the Constitution.

At Article I s/s 7, the Constitution prescribes the law making process which requires the Congress to pass bills through both houses, and then the President must sign those bills before they become law.  Our Constitution does not provide any alternative, nor does it delegate authority for Congress to not provide any alternative , nor does it delegate authority for Congress to confer Legislative power to Executive or Judicial
branches of the United States Government.

Of even more significance , the Constitution does not vest the Judicial Branch of Government with any authority to amend the Constitution.  By the rules of procedure declaring "one form of action" , rules of procedure effectively destroy distinction between law and equity, which are within the scope of the "Arising Under" clause , and merge them with Admiralty and Maritime cases, which are totally and completely different in character from Common Law, with these various forms of law applicable in different jurisdictions.   In order to merge these various forms of law, where the Constitution makes them clearly distinct and separate, the Supreme Court would be obliterating constitutionally prescribed distinction, and would effectively amend Article III s/s 2.1 of the Constitution by and through unilateral action of the court.

Chief Justice Marshall pointed out in **AMERICAN INSURANCE CO.,** vs. **356 BALES OF COTTON,** Congress may extend Admiralty Authority into Territories of the United States via Territorial Legislative Courts established under Congress' Article IV s/s 3.2 Municipal Authority, but the same is not true in the Union of the Several States party to the Constitution. The Fifth, Sixth and Seventh Articles of Amendment, which require Due Process in the course of Common Law, stand as an absolute barrier to extending Admiralty authority to the Several States.   See <u>**WAYMAN et.al. Vs. SOUTHARD.et.al.,**</u>(cited Supra).

The providence of the court is therefor "fatal",either the Federal Rules of Criminal Procedure ,along with whatever statute in the Statutes at Large is behind 28 U.S.C. s/s 2072 authority for the Supreme Court to promulgate rules that repeal existing law (s/s 2072) [Act of June 25, 1948 c. 646, 62 Stat. 961 as amended], is patently unconstitutional, or application is solely in the Geographical United States subject to Congress' Article IV s/s 3.2 which is Legislative jurisdiction – Special Maritime and Territorial Jurisdiction of the United States, as defined at 18 U.S.C. s/s 7.

If the former, than this action which did in fact cause unconstitutionally, must be condemned, and Your Petitioner ordered immediately released. Your Petitioner cannot be held accountable for unconstitutional Statutes or Rules, if the latter, than the Federal Bureau of Prisons, all it's attendant arms are very brazenly and blatantly engaging in usurpation of power plus false imprisonment of the masses.

**RULE 54 (C):**Federal Rules of Criminal Procedure for the United States District Courts, prescribes applications and exceptions of the Federal of Criminal Procedure.  The following determine geographical  application of the rules; i.e.:**ACTS OF CONGRESS:** includes any act of Congress locally applicable to and in force in the District of Columbia, in Puerto Rico, in territories or in insular possessions.  **STATE:** includes District of Columbia, Puerto Rico, or other territories and insular possessions.

The Federal Rules of Criminal Procedure are clearly applicable "only" in the geographical United States subject to Congress' Article IV s/s 3.2 Municipal Authority.  They cannot be in any manner applicable in the Union of the Several States party to the Constitution, as the tenth (10th) Article of Amendment prohibits Congress, and the courts of the United States from exercising powers not specifically enumerated in the Constitution. The Fifth Article of Amendment stands as a bar to imposing Due Process other than that which  is the course of the Common Law to deprive the Sovereign People of the Several States party to the Constitution of life, liberty, or property.

In territories of the United States, Congress allegedly has power to do anything not expressly or implicitly prohibited by the Constitution. This gives Congress (2) distinct and entirely independent capacities; (1) When legislating for the Union of the Several States party to the Constitution, Congress is authorized and can use "only" delegated powers.  (2) When legislating for the territories of the United States, Congress enjoys plenary power except where there is very clear Constitutional prohibition.  In a manner of speaking, this puts the "disciplined Child in the same house with the undisciplined child".  The first is the 'Constitutional' child and the second is the 'non-constitutional' child. They operate with the same morals as an alley cat.

Very obviously, 28 U.S.C. s/s/ 2072, or the Public Law the section is derived from, is a delegation of authority to the Supreme Court effected outside and beyond the Congress' Article I enumerated powers , and beyond the Supreme Court's

Article III enumerated powers.  Therefore, it is a "non-constitutional grant of authority which does not, and cannot apply to the Union of the Several States party to the Constitution, and the sovereign people of the several states.

This is the only way this matter can be resolved in a Constitutional concept as it indeed must be, without declaring the entire act of Congress which includes the Statute section 2072 of Title 28 of the United States Code **UNCONSTITUTIONAL** .Therefore, it is clear that the Central District of Illinois, the  presiding Judicial person, all the attendant arms of the Court, which in effect and in fact is a "<u>Legislative Territorial  Court of the United States</u>" did in matter of fact , engage in knowing usurpation of power, effect false imprisonment beyond their capacity to do so, plus violation of Your Petitioner's Due Process Rights in blatant  and criminalistic manner in the course of Common Law, as specified by and through Article III s/s 2.1 in the **ARISING UNDER**" clause, and the Fifth Article of Amendment to the Constitution of the United States.

The conclusion is self evident, and the Officers of this Court, it's attendant Appeals Court, are totally and fully aware of this gigantic fraud of False Imprisonment, Usurpation of Power, Sedition, and TREASON perpetuated against Your Petitioner, and the sovereign people of the Several States party to the Constitution, via statutory Courts of the United States.

In matter of fact, this Legislative Territorial Article IV United States Court has effected a **BILL OF ATTAINDER**" AGAINST Your Petitioner.  In violation of Article I s/s 9.3 of that awesome Constitution  of the United States District Court for the Southern District of Texas has effected <u>UNCONSTITUTIONALLY</u> a Bill of Attainder against him.  Justice White, along with Justices Clark, Harlan, and Stewart have given a simplistic definition of the <u>BILL OF ATTAINDER</u> found in **UNITED STATES vs. BROWN** , 381 U.S. 437, 14 L.ed.2d, 484, 85 S.C.t.(1707); also **CUMMINGS vs. MISSOURI,** 4 Wall 277, 323, 18 L.es. 356, 363,;  A Bill of Attainder is a Legislative Act which inflicts punishment without a Judicial trial.

The United States District Court for the Central District of Illinois is in matter of  fact , a  Legislative rather than Judicial Court **AMERICAN INSURANCE CO. vs. 356 BALES OF COTTON**, supra.  This Court has absolutely no Article III Judicial capacity.  All Judicial Officers who operate in this line of authority, whether Justices of the Supreme Court, or Judicial Officers at the District level have no Article III Judicial capacity.  They all function as Magistrates in ministerial capacity, rather than as Judges of Article III Courts of the United States per applications at Rule 54(c), Federal Rules of Criminal Procedure.

Your Petitioner will address this matter at great length in support of this Petition for the **"GREAT WRIT OF HABEAS CORPUS /AD PROSOUENDUM & AD SUBJICIENDUM .** The majority opinion in **UNITED STATES vs. BROWN**, supra, was written by Chief Justice Warren, who called on the writings of the Founders and the Constitutional Architects such as: Alexander Hamilton; James Madison; Thomas Jefferson, and others.  A brief quote from Madison contemplates the current

structure of the United States Government operating under Congress'

.

The United States District Court for the Southern District of

Texas is in matter of fact, a Legislative rather than a Judicial Court

**AMERICAN INSURANCE CO., vs. 356 BALES OF COTTON** supra. This Court has absolutely no Article III Judicial capacity. All Judicial Officers who operate in this line of authority, whether Justices of the Supreme Court, or Judicial Officers at the District level have no Article III Judicial capacity. They all function as Magistrates in ministerial capacity, rather than as Judges of Article III Courts of the United States per applications at Rule 54(c), Federal Rules of Criminal Procedure.

Your Petitioner will address this matter at great length in support of this petition for the **GREAT WRITS OF HABEAS CORPUS AD PROSQUENDUM & AD SUBJICIENDUM**. The majority opinion in **UNITED STATES vs. BROWN**, supra, was written by Chief Justice Warren, who called on the writings of the founders and the Constitutional Architects such as; Alexander Hamilton; James Madison; Thomas Jefferson, and others. A brief quote from Madison contemplates the current structure of the United States Government operating under Congress' Article IV s/s 3.2 Municipal Authority in the geographical United States to impose a "de-facto" system that flies in under the handle of "Cooperative Federalism" - [The accumulation of all powers, Legislative, Executive and Judicial, in the same hands, whether of one, a few or many, and whether hereditary, self appointed, or elective, may justly be pronounced the very definition of tyranny.] (The Federalist, No. 17 pp. 373-374 Hamilton ed. 1880).

Where the Constitution established a republic, with (3) three distinct branches of Government, operating in framework of Constitutionally enumerated powers, Congress has absolute sovereignty over territory belonging to the United States, without reference to Executive and Judicial branches of government, consequently, Executive and Judicial branches derive all power by way of delegation from Congress so far as authority relating to the geographical United States subject to Congress' Article IV s/s 3.2 plenary power. This effects the consolidation Madison spoke to and the resulting governmental system has been described as a "Legislative Democracy" **IT IS NOT THE CONSTITUTIONAL REPUBLIC ESTABLISHED BY AND UNDER THE CONSTITUTION.**

Chief Justice Warren also called on former Chief Justice Marshall, **FLETCHER vs. PECK**, 6 cranch 87, 138, 3L.Ed. 162, 178 [1810], to verify that the intent of the Constitutional clause prohibiting what was traditionally described as Bills of Attainder ,and Bills of Pain and Suffering, was to show their unconstitutionality. In other words, the Fifth (5th) Amendment Due Process Clause preserving Life, Liberty and Property, is in effect a mirror of, and gives scope to, prohibitions against "Bills of Attainder" at Article I s/s 9.3 of the Constitution.

The United States Court is in this instant matter a Legislative rather than a Judicial Court. It has absolutely <u>**NO**</u> Article III Judicial authority. It operates as an instrument of Congress, it is not an independent Judicial Court, therefore, any time it deprives the sovereign people the several states party to the Constitution of Life, Liberty, or Property, it effects a "Bill of Attainder" which is expressly prohibited at Article I s/s 9.3, the United States District Court for the Southern District of Texas while operating in approximately the mode as Vice-Admiralty Courts of King George III has effected this **"Unconstitutional"** "Bill of Attainder" against Your Petitioner.

Your Petitioner was prosecuted without the authority of law. It is clear that Title 18 of the United States Code <u>does not and cannot</u> vest standing in any department, agency, officer, or court of the United States, and does not establish Territorial or Subject-Matter Jurisdiction. The United States Code is merely <u>"Evidence of Law"</u>, the Statutes at Large are the laws of the United states, and because 18 U.S.C. s/s 7 <u>merely defines "Special Maritime and Territorial Jurisdiction of the United States"</u>, no section of Title 18, or any other Title dependent upon Title 18 for Criminal Prosecution procedures, confers standing or establishes Territorial or Subject-Matter jurisdiction.

Where the instant matter is concerned, the Government has predicated all actions, including indictment, justification for trial, judgement, sentence, et.al., on authority of Title 18 of the United States Code. There are no Acts of Congress from the Statutes at Large cited in record that might establish standing for the "United States of America" which is a government foreign to the United States. No section in Title 18 of the United States Code alleging an offense where the instant matter is concerned, includes an **"ENABLING clause"** that establishes which, if any, of the (8) eight "Special Maritime and Territorial Jurisdictions defined at Title 18 U.S.C. s/s might apply Thusly, the Government has totally failed to establish Territorial (geographical) and subject-matter (Application of law) jurisdiction, furthermore, the "United States of America" which has been shown and proven to be a government foreign to the United States, has absolutely **NO** standing to prosecute causes in the Union of the several states party to the Constitution of these United States. The Constitution of the United States vests authority in a government entity known solely as the United States. Title 18, 26 & 28 and other titles of the United States Code (save Title 48 Territories and insular Possessions), provide evidence that Statutes of the United States, contained in public laws promulgated by Congress, also vests authority in the United States as Plaintiff, Defendant, and Prosecuting party. Delegations of authority for the Director of the Bureau of Prisons at 28 C.F.R. parts 0.96 & 0.96b conclusively demonstrate that the United States and the "United States of America" are distinct and separate entities.

Your Petitioner asserts that the self-evident truth of the "de-facto" prosecution by the <u>United States of America</u>, an entity without standing under the Constitution of the United States cannot be refuted and is conclusive evidence that the cast of characters who prosecuted this matter, conspired together for usurpation of power, false imprisonment, conspiracy for sedition, and because they were collectively responsible in this instant matter and closely related cases for invading the Sovereign State of Texas this was under ARMS and the threat of ARMS. Acting on behalf of a government foreign to the United States , and

ChmPDF - www.fastio.com

the Union of the several states party to the Constitution, they very effectively made WAR against the sovereign state of Illinois, thereby committing TREASON, as defined at Article III of the Constitution of the United States.

Your Petitioner states that none of the essential elements or authorities necessary yo establish standing for the United States of America, the Department of Justice, nor the United States Attorney are in evidence to establish this standing and Territorial and Subject-Matter jurisdiction.  Therefore, the complaint, and indictment lodged against Your Petitioner in and for the Southern District of Texas and styled as: **UNITED STATES OF AMERICA vs. WILLIAM CALVIN GRIMES,** Docket Number C 97-00091-001 which was tried in an Article IV s/s 3.2 Legislative Territorial Court of the United States must be dismissed in it's entirety as the Court is not operating under Constitutional authority - it lacks the Statute to function as an Article III s/s 2.1 Court and is not authorized to operate in the Union of the several states party to the Constitution, and does not have the authority or standing for general jurisdiction of the United States.

Your Petitioner further alleges that Officers, Agencies, Departments, and Courts of the United States may extend authority to the Union of the several states party to the Constitution, and the sovereign people of the several states party to the Constitution, only within confines of specifically enumerated powers inherent in the $(10^{th})$ tenth Amendment, and that when challenged, such authority must be positively demonstrated in record.  Further, departments of the United States Government may operate beyond the District of Columbia "only" under a Special Statutory Grant of Authority, as evidenced by 4 U.S.C. s/s 72; when authority is by Statute vested in the President, he must re-delegate authority by Executive Order published in the FEDERAL REGISTER, as evidenced by 3 U.S.C. s/s 301, when authority is delegated by the President or by Statute in an Executive Officer or Department Head, he must re-delegate authority by an Executive Order published in the FEDERAL REGISTER as evidenced by 55 U.S.C. s/s 1505(a), and when any Statute has general application, implementing regulations must be published as regulations of general application in, <u>once again</u> the FEDERAL REGISTER which is also evidenced by and through 44 U.S.C. s/s 1505(a).  Your Petitioner alleges that none of these authorities are in evidence to establish standing of Officers or Entities identified Supra, and there are no general application regulations in evidence for 21 U.S.C. s/s 842(a)(1) and 846, sections from Title 21 of the United States Code the instant matter is predicated upon.  As a caveat, Judicial Officers of the various Circuit Courts of Appeal will notice there are no general application regulations for Title 18 or 21 of the United States Code.  This effect is easy to explain: 18 U.S.C. s/s 7 defines the term as stipulated previously **"SPECIAL Maritime & Territorial Jurisdiction of the United States"**.  It is obvious then, from the use of the term "SPECIAL" and not GENERAL" application in the United States Code.  The only application derives from Congress' Article IV s/s 3.2 Legislative Jurisdiction..

Your Petitioner alleges that by virtue of his status as a citizen of Texas one of the several states party to the Constitution of the United States.  He is not subject to Congress' Article IV s/s 3.2 Legislative Jurisdiction and Municipal Powers.

Your Petitioner alleges that Title 18 of the United States Code being styled: CRIMES AND CRIMINAL PROCEDURE, is not LAW, promulgated by the Congress of the United States in compliance with the Constitution and common law requirements. It is at best **"EVIDENCE OF LAW "**, But this Title , plus all other Titles , including Title 21 of the United States Code fail to disclose authorities and applications of law they respectively evidence. They have never been enacted as law. Further, Your Petitioner states that if they were promulgated as law, Titles of the United States Code would be declared UNCONSTITUTIONAL as law, as the Judicial Branch of the government, along with various agencies and committees have been delegated authority to repeal and/or edit and amend Statutes in the United States Code. This is contrary to the Constitutional requirements for the full Congress, setting as the Legislative branch of the National Government, to approve all bills, and for the President as Chief Executive Officer of the United States to sign Congressionally-approved bills into law. Furthermore, the full United States Code, and Titles of the United States Code **do not have enabling clauses**, which disclose authority and application of the entire Code or it's Titles, so.........................**THE CODE IS DEFECTIVE** and of no consequence as law.

## DISCUSSION AND PROOFS

Standing of the United States Code is clearly stated at I U.S.C. s/s/ 204(a) as enacted by Congress via 61 Statute 633, 638 (1947).

**UNITED STATES CODE:** The matter set forth in the edition, the Code of Laws of the United States at any time, shall, together with the then current supplement, if any establish "prima-facie" that laws of the United States, general and permanent in their nature, in force on the day preceding the commencement of the session in Legislature of which is included: that when ever Titles of such codes shall have been enacted into Positive Law, the text thereof shall be legal evidence of the laws therein contained, in all the courts of the United States and the Territories and Insular Possessions of the United States. (Emphasis added)

Titles of the United States code which are enacted as Positive Law are construed as Legal Evidence of the law, but not the law itself. "Legal Evidence" is defined as follows in Black's Law Dictionary, 2nd Ed. P-448: **LEGAL EVIDENCE** - (A broad general term meaning all admissible evidence, including both oral and documentary.)

Evidence is not the thin itself, which is to say, evidence of something does not carry the authority of the thing, it merely suggests the thing exists. The United States Code including Titles 18 & 21 **ARE NOT LAWS** of the United States. This is confirmed by numerous court decisions, the following among them:
        1. **MURRELL vs. WESTERN UNION TELEPHONE CO.,** 160 F.2d 787, 788, (1947)
        2. **UNITED STATES vs. MERCUR CORPORATION**, 83 F.2d, 178, 180 (1936)

3. **ROYERS vs. UNITED STATES**, 265 F.2d, 615, 618 (1959)

No one denies that the official source to find the United States Laws is the STATUTES AT LARGE while the Code is only "prima-facie" evidence of such laws.

Title 18 of the United States Code was in fact enacted as Positive Law - and is therefore **LEGAL EVIDENCE** of whatever law it accommodates per Statute 683 (June 25, 1948)

The rest of Title 18 then follows: therefore, Statutes in Title 18 are **LEGAL EVIDENCE OF LAW –BUT ARE NOT LAW!!!!!** It is impossible to construe them as law, as they do not meet Constitutional and common law requirements for enacting clauses, designation of application, and other requisite elements for enactment as law.  Reference to Positive Law merely means written law; Title 18 of the United States Code is evidence of the law, and is positive (written) law by virtue of source Statutes that do exist.  However, Title 18 is very illusive, in that it does not convey basic authority necessary for Courts of the United States to establish either **SUBJECT-MATTER** or **TERRITORIAL** jurisdiction, or to predicate standing to prosecute criminal offenses without proving these matters from original STATUTES AT LARGE which do confer authority.

The key Statute which has the appearance of conferring Territorial jurisdiction is styled:**"SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE UNITED STATES,** defined at: 18 USC s/s 7.  This statute demonstrates beyond the shadow of doubt the deception and grand fallacy underlying most of the United States Code, and provides further evidence that Title 18 and the Code in general are only **"EVIDENCE OF LAW "** rather than law.  This is demonstrated by the reviser's note in Historical and Statutory notes for 18 USC s/s 7.

The note discloses both the number of the original sources, and acknowledges the authority defect...........18 USC s/s 7 is merely a definition, which defines eight (8) United States Jurisdictions , it does not establish either SUBJECT-MATTER OR TERRITORIAL jurisdiction for courts of the United States, not for Departments, and Agencies of the United States.  In relative part, the note states: Based on Title 18 USC 1940 ed., s/s 451 (Mar. 4,1909, c.321, s/s 272, 35 Stat. 1142 [derived from R.S. s/s 5339 Sept.4, 1890, c. 874, 26 Stat. 424] June 11, 1940, c. 323 54 Stat. 304).

The words " The term 'Special Maritime and Territorial Jurisdiction of the United States' as used in Title 18 includes:" were substituted for the words 'The Crimes and Offenses defined in sections 451 to 468 of this Title shall be published as herein prescribed'.

This section first appeared in the 1909 Criminal Code.  It made it possible to combine in one chapter all the penal provisions covering acts within the Admiralty and Maritime jurisdictions without the necessity of repeating in each section the places covered.

<u>The present section has made possible the allocation of the diverse provisions of Chapter 11 of Title 18 USC 1940 ed. To particular chapters restricted to particular offenses; as contemplated by the alphabetical chapter arrangement.</u>

In several revised sections of said Chapter 11 the words "within the Special Maritime and Territorial jurisdiction of the United States" have been added. <u>Thus the Jurisdictional limitation will be preserved in all sections of said Chapter 11 describing an offense.</u>

Other minor changes were necessary now that the section defines a term rather than the place of commission of crime or offense, however, the extent of the Special Jurisdiction as originally enacted has been carefully followed.  80th Congress House Report No. 304.[emphasis added]

In other words, 18 USC s/s 7 provides a definition.  In the absence of the term "Within the Special Maritime and Territorial jurisdiction of the United States", jurisdiction for any given Statute in Title 18 or other Titles of the United States Code, jurisdictional application for any given Statute is missing.  The definition of "Special Maritime and Territorial jurisdiction of the United States does not, in and of itself delegate jurisdiction to any Court, Department, or Agency of the United States.  Therefore, Title 18 of the United States Code does not suppose to confer jurisdictional authority on courts of the United States, or on Legislative or Executive Agencies of the United States.  That authority must be established elsewhere. The 'elsewhere' being the **<u>STATUTES AT LARGE</u>**, which are roughly equivalent to session laws of the several states party to the Constitution.

The definition rests primarily on 1890 and 1909 Statutes (Statutes at Large) pertaining to United States Admiralty and Maritime jurisdiction–a jurisdiction which does not apply to the Union of the several states and citizens and other people situated in the several states–and the section otherwise fails to designate what other kind of law and process might be applicable in jurisdictions other than United States Admiralty and Maritime Jurisdiction.  Therefore, even if 18 USC s/s 7 was devised to confer jurisdictional authority rather than merely define a term, it would be void for vagueness as it does not distinguish applicable law and jurisdictional character.  The primary jurisdiction and venue Statute for District Courts of the United States (18 USC s/s 3231) suffers somewhat the same fate.

Again, the reviser's note in Historical and Statutory Notes for 18 USC s/s 3231 in relative part is as follows: {Based on section 588d of Title 18, USC., 1940 ed. Banks and banking: Title 18 USC.,1940 ed. S/s s/s 546,547 (Mar. 4,1909, c.321 s/s/ s/s 326,340 Stat. 1151, 1153; Mar 3, 1911, c.231, s/s 291, 36 Stat. 1167; May 18,1934, c.304, s/s 4, 48 Stat. 783}.  <u>This section was formed by combining sections 546 and 547 of Title 18 USC. 1940 ed., with section 588d of said Title 12, with no change in substance.</u>

The language of said section 588d of Title 12 which related to bank robbery, or killing or Kidnaping as an incident thereto (see section 2113 of this Title), and which read: "Jurisdiction over any offense defined by 588d of this Title shall not be reserved exclusively to Courts of the United States" was omitted as adequately covered by this section.

The provision at Title 18 USC s/s 3231 is evidence of three (3) different Statutes in the 1940 edition of the United States Code, and actual law (STATUTES AT LARGE) promulgated in 1909, 1911, and 1934, but is not the actual law which discloses the authority Congress was acting under, nor does the current 18 USC s/s 3231 distinguish application. It is merely a stand alone piece of documentary evidence that law does exist, and as such, cannot have effect with respect to delegating authority to the point application under law promulgated in the STATUTES AT LARGE is established. This action in and of itself confers no authority, although it is evidence that the Article III District Courts of the United States, not Article IV Territorial Legislative United States District Courts, have original jurisdiction for prosecution of felony crimes under laws of the United States.

The necessity for connecting Statutes to source authority which determines standing, and SUBJECT-MATTER and TERRITORIAL jurisdiction, is revealed in the definition of "United States" provided in **HOOVEN ALLISON CO. vs. EVATT, U.S. OHIO**, 324 U.S. 652, 65 S.Ct. 870,89 L.ed., 1252 (1945).

The term "United States" may be used in any one of several senses. It may be merely the name of a Sovereign occupying the position analogous to that of other sovereigns in the Family of Nations. It may designate the territory over which the Sovereignty of the United States extends, or it may be the collective name of the States which are united by and under the Constitution. In other words, Congress has three (3) Constitutionally recognized capacities: As agent of the several states under Constitutionally delegated authority, the United States is representative of the sovereignty of the several states party to the Constitution in their collective and individual capacities. Congress has plenary power (municipal authority) over territory belonging to the United States, that territory including territories and Insular possessions outside the union of several states , and what are described as Federal Enclaves within the union of several states – territory the United States us authorized to purchase at Article I s/s 8.17 of the Constitution, plus Indian Reservations, and unappropriated public lands retained in territory of States admitted to the union since approximately 1870. The latter being land set aside by treaty for Native American Indian Reservations and trust lands, an lands used by National parks, Forests, etc..

In the final capacity, Congress legislates for the union of several states party to the Constitution under authority conferred in Article I s/s 8 of the Constitution.

As demonstrated elsewhere, the "United States of America" is a government foreign to the United States. It is a non-Constitutional alliance, and Congressional authority, which is not authorized by the Constitution of the United States, does not

ascribe to the Union of the several States party to the Constitution and the sovereign people of the several States. While Article IV s/s 3.2 of the Constitution authorizes Congress to make all needful rules and regulations regarding territories of the United States, IT DOES NOT AUTHORIZE Congress to organize and sit as a Legislative body completely separate from the Government of the United States which the Congress vests authority in.

It is therefore conclusive that Title 18 of the United States Code does not invest authority in any Court of the United States, or Legislative or Executive Department or Agency of the Government of the United States, so far as Territorial jurisdiction is concerned. Therefore, the underlying authority of other Statutes contained in the United States Code are of no effect until proper source, which includes capacity of the Legislative body and source authority is entered into record.

Excessive fraud and usurpation of power is evident when Judicial Officers in Courts of the United States fail to establish standing of Subject-Matter and Territorial jurisdiction for courts they respectively reside in. The extent of the fraud is revealed by Revision Notes following 28 USC s/s 132, which addresses creation and composition of District Courts. The note in relative part follows: Based on Title 28 USC 1940 ed., section 1, and section 641 of Title 48, USC 1940 ed., Territories and Insular Possessions: (Acts Apr. 30, 1900, c. 339, s/s 86 Stat. 158; March 3, 1909, c. 269 s/s 1, 35 Stat. 838; March 3, 1911, c. 216, 38 Stat. 580; July 19, 1921, c. 42 s/s 313, 42 Stat. 119; Feb. 12, 1925, c. 220, 43 Stat. 890; Dec. 13, 1926 c. 6 s/s 1, 44 Stat. 919).

Section consolidates section 1 of Title 28 USC 1940 ed., and section 641 of Title 48 USC, 1940 ed., with changes in phraseology necessary to effect the consolidation.

Subsection (c) is derived from Section 641, of Title 48, USC, 1940 ed., which applied only to the Territory of Hawaii. The revised section, by extending it to all districts  merely recognizes established practice.

Section 2(b) of Act of June 25, 1948 provided in part that the provisions of this Title as set out in section 1 of said act, with respect to the organization of the Court, shall be construed as a continuation of existing law.......

The revision note demonstrates the full round; 28 USC s/s 132, which purportedly establishes United States District Courts (s/s 132(a)), which are Legislative territorial courts established under Congress' Article IV s/s 3.2. Legislative jurisdiction in territories belonging to the United States rests on authority of Acts published in 1900;1909;1911;1914;1921;1925 ans 1926. These source acts published in the STATUTES AT LARGE, provide the authority for the various courts mentioned in 28 USC s/s 132. The act of June 25, 1948 cited in the note, states the obvious: Section 132 of Title 28 USC shall be construed as continuation of existing law.........

CibiPDF - www.fsciu.com

As other Titles of the United States Code, Title 28 is simply legal evidence of law, it is not the law itself, the United States Code does not have the force of law. If, and when standing and jurisdiction are challenged, they must be proven from the STATUTES AT LARGE, and the source from which all Federal Authority in the union of the several states emanates; THE CONSTITUTION OF THE UNITED STATES.

As in the case for 18 USC s/s 3231 & 28 USC s/s 132 draws from two Titles of the 1940 edition of USC - Title 28, which is commonly called the Federal Code of Civil Procedure, and Title 48, Territories and Insular Possessions. Therefore, s/s 132 of the current Title 28 may attempt to merge enumerated powers under Congress' Article IV s/s 3.2 municipal authority over territory belonging to the United States, but it fails the test of identifying the authority by which Congress has acted. This amalgamation is common throughout the United States Code, making it virtually impossible for people of ordinary intelligence and means to untangle the dark web woven by these convoluted publications that masquerade as law.

In addition to that flaw, various sections of the United States Code incorporate Congressional resolutions and policy as though they were law, when in fact, they are not law. For example, 28 USC s/s 1861 declares congressional policy concerning the right to trial by jury; " it is the policy of the United States that all litigants in Federal Courts entitled to trial by jury shall have the right to GRAND and PETIT juries selected at random from a fair cross section of the community......"

So far as the Union of the several States is concerned, that has always been the case, per the Sixth (6th) Amendment to the Constitution. But, that has not always been the case for the United States Territories and Insular Possessions, which Congress has elected to subject to Admiralty and Maritime authority, effectively imposing a form of law known as Civil Law. In revision notes for 1968, it is found that the current 28 USC s/s 867, thus contaminating what might have been a legitimate Statute within Congress' Article I s/s 8 authority with Article IV s/s 3.2 Legislative authority over territory belonging to the United States. The two are distinct capacities, and where the sovereign people of this nation are concerned, Congress CANNOT tamper with Constitutionally secured rights and CANNOT exercise authority which is not specifically delegated by the Constitution, without securing an Amendment to the Constitution.

The United States Code does not in all cases disclose what sections are promulgated as policy, what sections are promulgated under the auspices of resolutions, and what is promulgated as bills to become law in compliance with Constitutional requirements.

Legislative resolutions are defined as follows: **RESOLUTIONS:** The term is usually employed to denote the adoption of a motion, the Subject-Matter of which would not properly constitute a Statute; much as a mere expression of an opinion; an alteration of the rules; a vote of thanks or censure; etc., taken from BLACK'S LAW DICTIONARY 2nd ed., P. 1027.

The nature of resolutions is confirmed by numerous Judicial Decisions, and by the authorative American Jurisprudence.

A resolution or order is not a law!  It is merely the form in which the Legislative body expresses an opinion: i.e.; **CHICAGO & N.R.R. CO. vs. CITY OF CHICAGO**, 51 N.E., 596, 598 (Illinois 1898); **VILLAGE OF ALTAMONT vs. BALTIMORE O.S.W.RY. CO.**, 56 N.e. 340,341,184 Illinois 47; **VAN HOVENBERG vs. HOLEMAN**, 144 S.W., 2d, 718, 721, 261, Ark. 270 (1940)).

The general rule is that a joint or concurrent resolution adopted by the Legislature is not a Statute.  It does not have the force or effect of law.  It cannot be used for any purpose for which an exercise of Legislative power is necessary. (73 Am. Jr. 2d., Statutes, s/s 3 P. 270; cases cited).

Policy, which can be imposed only on subject classes, and resolutions, are not bills which are passed by Congress sitting in Legislative capacity, then enacted as law under signature of the President, in compliance with Constitutional requirements.

The evidence of policy being incorporated into the United States Code, in a Title that has been enacted as Positive Law, confirms that the United States Code cannot be the law itself, but must be no more than evidence of the law.  Also, the United States Code cannot be law, as Congress has already delegated Legislative authority to the Supreme Court of the United States, as evidenced by 28 USC s/s 2072, reproduced here in relative part;

s/s 2072: RULES OF PROCEDURE AND EVIDENCE; power to prescribe (a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States District Courts (including proceedings before magistrates thereof) and Courts of Appeals. (B) Such rules shall not abridge, enlarge, or modify any substantive rights.  All laws in conflict with such rules shall be of no further effect or force after such rules have taken effect.

Section (b) above, in the second sentence effectively delegates authority to the Supreme Court, CONTRARY to the separation of powers doctrine implicit in the Constitution of the United States.  Not only may the United States NOT exercise powers not delegated to it (tenth Article of Amendment), but one branch of Government may not exercise powers not delegated to it.  Nor can one branch delegate powers to another save as the Constitution specifically stipulates – Judges, for example, may make certain appointments with Congressional authority.  HOWEVER, ESSENTIAL FUNCTIONS OF THE THREE (3) BRANCHES MUST BE KEPT SEPARATE.

This is obvious enough that in his objection to the Supreme Court issuing revised rules via order of February 28, 1966, Justice Black wrote a dissenting memorandum, noting that he and Justice Douglas had opposed a previous order of like nature.

CutePDF - www.tsuoa.com

In Footnote # 1 to Justice Black's 1966 dissenting position presents the heart of the previous objection he and Justice Douglas made: {Mr. Justice Black and Mr. Justice Douglas are opposed to the submission of these rules to the Congress under a Statute which permits them to take effect and to repeal all laws in conflict with such rules without requiring any affirmative consideration, or approval of the rules by Congress or by the President.  We believe that while some of the rules of Civil Procedure are simply housekeeping details, many determine matters so substantially affecting the rights of litigants in lawsuits that in practical effect they are the equivalent of new Legislation which, in our judgement, the Constitution requires to be initiated in and enacted by the Congress and approved by the President.  The Constitution, as we read it, provides that all laws shall be enacted by the House, the Senate, and the President.}

Requirements for enactment of laws of the United States, are at Article I s/s 7 of the Constitution, with causes 2 & 3 providing the core process necessary for establishing laws of the United States.

Every bill which shall have passed the house of Representatives, and the Senate, shall, before it becomes law, be presented to the President of the United States; if He approves, he shall sign it, but if not, he shall return it, with his objections to that house in which it shall have originated, who shall enter the objections at Large on their journal, and proceed to reconsider it.  If, after such reconsideration, two thirds (2/3) of that house agrees to pass the bill, it shall be sent, together with the objections to the other House, and that House shall likewise reconsider it.  Should 2/3 (two-thirds) of that House after reconsideration approve the bill it shall at that time become law.  But in all such cases, the votes of both Houses shall be determined by Yeas & Nays.  And the names of the persons voting for and against the bill shall be entered on the journal of each House respectively.  If any bill shall not be returned by the President within ten (10) days,(Sundays excepted), after it shall have been presented to him, the same shall become law, in like manner as if he had signed it unless the Congress by their adjournment prevent it's return, in which case it shall not be a law.

Every order, Resolution, or Vote to which the concurrence of the Senate and the House of Representatives may be necessary (except on a question of adjournment), shall be presented to the President of the United States; and before the same shall take effect, shall be approved by him, or being disapproved by him, shall be re-passed by 2/3 (two-thirds) of the Senate and House of Representatives, according to the Rules and Limitations prescribed in the case of a Bill.

The Constitution does not provide an alternative to this Legislative Process.  Each House of Congress has to consider a Bill, than once passed, it must go to the President for approval or rejection.  If the President effects a VETO, Congress may over-ride the VETO with a two-thirds (2/3) vote in each House.  In order for Congress to avoid this process, it would require a Constitutional Amendment, and neither Congress or the Supreme Court is authorized to UNILATERALLY amend the Constitution.

In **WAYMAN,et. al.  Vs. SOUTHARD, et.al.,** (10 Wheat 253, 1826), Chief Justice Marshall adressed Congress' plenary power with respect to Legislation even pertaining to Courts of the United States.

On the part of the Plaintiffs it was insisted, that the executions issued by the Courts of the United States for the District of Kentucky, are to be regulated and governed by the laws of the United States, and not be the laws of Kentucky.

It was not necessary to analyze the provisions of the State Laws, because the questions that would arise were of a general nature, and rendered any such statement unnecessary.  The questions were: (1) Whether, by the Constitution of the United States, Congress has power to regulate the proceedings of the Federal Courts?  (2) Whether Congress has regulated those proceedings and in what manner?

The Congress has the power, was too plain to admit of a doubt.  If they have not, they have no power at all, and the whole of that interesting portion of the Constitution is inoperative.  The clause in question is the third Article of the Constitution, which establishes and regulates the Judicial power.  It is a simple text...but it is a very comprehensive one, or it is nothing.  It does nothing more, in terms, than authorize Congress to establish Courts, and declare the cases over which they shall have jurisdiction.  The grounds of decision are, of course, comprehended.  They are to be according to the Law of the case.  The means for arriving at the decision, or for giving it effect, are not expressly provided.  But as the means are indispensable to the attainment of the end, which is the administration of Justice, they are necessarily included in the grant; and the means to provide them is, of course implied in the power to establish Judicial tribunals .  A court is a place where Justice is Judicially administered, to say merely that courts should be established, would be entirely idle, to say therefore, that courts shall be established, means that all the needful and usual incidents to courts shall be established.

This proposition was so completely self-evident, as not to admit to any support from argument or illustration, nor to require any aid from the clause in the first Article, giving Congress power to make all laws necessary and proper for carrying into execution the other power expressly granted, or vested in the Government of the United States, or in any Department or Officer thereof, that it was so understood, is plain from the Fifth, Sixth, and Seventh Articles of the original Amendments, which are limitations on the generality of the other power otherwise unlimited...

It must, therefore, be taken for granted, that the power of Congress in arranging the Federal Judicial Tribunals, and the means to be employed by them for effectuating the design of their establishment, was plenary, and subject to no exceptions but those which the Constitution itself has made.  Nor is the power of Congress greater in cases where the United States is a party, than in other cases, where the controversy is between individuals.

In other words, the Constitution vests Congress with plenary or absolute power, to legislate for all branches of the United

CVIsPDF – www.fastio.com

States Government, the power is not divided or shared with the other two branches of Government, nor a smaller agency than the Full Congress.

The latter is important too, as in the preface to the United States Code 1994 edition, Speaker of the House of Representatives, NEWT GINGRICH, (January 4, 1995) disclosed that nothing less than the entire Congress is responsible for compiling and editing the United States Code.

Speaker Gingrich spoke to the subject in saying: "This 12th edition of the United States Code, which is published and prepared pursuant to section 285(b) of Title 2 of the Code, is a consolidation and codification of all the general and permanent laws of the United States in force on January 4, 1995.  By Statutory authority, this edition may be cited 'USC 1994 edition' Previous editions were published in 1926;1934;1940;1946;1952;1958;1964;1970;1976;1982 and 1988."

The Speaker continued to say:" Because many of the general and permanent laws that are required to be incorporated in the Code are **INCONSISTENT, REDUNDANT, AND OBSOLETE**, the Office of the Law Revision Counsel of the House of Representatives has been engaged in a continuing, comprehensive project authorized by law to revise and codify, for enactment into positive law, each Title of the Code.  When this project is completed, <u>ALL THE TITLES OF THE CODE WILL BE **"LEGAL EVIDENCE"** OF THE GENERAL AND PERMANENT LAWS OF THE UNITED STATES.</u>

Titles 1;3;4;5;9;10;11;13;14;17;18;23;28;31;32;35;37;38;39;44;46;and 48 have been revised, codified, and enacted into positive law and the text thereof is **LEGAL EVIDENCE** of the laws therein contained.  The matter contained in the other Titles of the Code is "prima-facie" evidence of the laws.

The Title and Chapter Structures of the 1988 edition, together with Supplement V thereof, has been substantially preserved.  The only changes made having been necessitated by the enactment of Legislation since 1988.

This edition was prepared and published under the supervision of **EDWARD F. WILLETT, JR.,** Law Revision Counsel of the House of Representatives, with the assistance of the **WEST PUBLISHING COMPANY** of St. Paul, Minnesota, which assisted in preparing all prior editions and Supplements of the Code.  Grateful acknowledgment is made to the Staffs of the Office of the Law Revision Counsel, The West Publishing Company, and the Government Printing Office for their untiring efforts and cooperation".

Speaker Gingrich's preface to the 1994 Edition of the United States Code reinforces the contention made, supra – the code is **MERELY LEGAL EVIDENCE**, it is not the law.  Speaker Gingrich tacitly admitted that the Statutes at Large contain the laws of the United States.  But more than that, the Speaker revealed that the Law Revision Counsel of the House of

CutePDF - www.taylor.com

Representatives, along with the Staff at the West Publishing Company, is responsible for integration and amalgamation of the laws of the United States in the United States Code – the enterprise that appears to consolidate Acts of Congress which might emanate from (2) or more sources of authority, the first being Congress' Article I delegated authority as applicable to the Union of the several States party to the Constitution; the second being Congress' Article IV s/s 3.2 plenary power in the geographical United States (territory belonging to the United States). The third being, Congress serving as the Legislative body for the {THE UNITED STATES OF AMERICA}, a government proven to be foreign to the United States.

The constitution clearly does not authorize a committee of one House to alter all laws of the United States any more than it extends authority for the Supreme Court to Legislate laws, and by so legislating, to effectively veto Statutes which have been enacted by Congress and the President of the United States in accordance with provisions of Article I s/s 7 of the Constitution, supra..

One of the basic delusions effected through this process is th type of law, or more precisely, the type of Judicial process imposed under this **GENERAL FRAUD**. The Constitution, at Article III s/s.1, stipulates the kinds of cases Courts of the United States may consider, setting out the classes as separate and independent in character, as follows: Section 2:" The Judicial Power shall extend to all cases, in law and equity, arising under the Constitution, the laws of the United States, and treaties made, or which shall be made under their authority;...to all cases affecting Ambassadors, other Public Ministries and Consuls; ... to all cases of Admiralty and Maritime jurisdiction; .. To controversy between two (2) or more States, between citizens of different States; .. Between citizens of the same State claiming lands under grants of different States, and between a State or the citizens thereof and a foreign State, citizen or subjects.

These provisions were amended to some extent by ratification of the Eleventh Article of Amendment, but the Amendment does not affect the **"ARISING UNDER"** clause, which applies to law and equity, and the separate and distinct jurisdiction and class of case cognizable under United States Admiralty and Maritime jurisdiction. In **WAYMAN , et.al. vs. SOUTHARD, et.al.,** Supra, Chief Justice Marshall accounted for the type of process mandated by the **ARISING UNDER** clause and the Fifth, Sixth and Seventh Amendments.

The next question must therefore be: WHAT HAD BEEN DONE BY CONGRESS??????????????? The Act of the 24th of September 1789, c.20, established the Judicial tribunals. The 34th Section enacts that "the laws of the several states except where the Constitution, treaties, or Statutes of the United States shall otherwise provide, shall be regarded as rules of decision in trials at Common Law in the Courts of the United States, in cases where they apply". But this merely gives the ground decision; it does not give the means of attaining the decision or of giving it effect.

CVePDF - www.fayou.com

The powers of the Courts are conferred by the Sections from 13 through 17 inclusive. The Courts being thus established, their jurisdiction being defined, or to be defined, and the nature of their proceedings distinguished, to power to issue the Common Law Writs of Mandamus, and prohibition, is vested in the Supreme Court by the latter part of the 13th Section. The 14th Section .power to issue "WRITS OF SCIRE FRACIAS, HABEAS CORPUS, and all other Writs not specifically provided for by Statute, which may be necessary for the exercise of their respective jurisdictions , and agreeable to the usage and principles of law. "This is to be taken Ad Referendum, according to the function they were to perform". They were to be Common Law Courts, proceeding according to the course of the Common Law, with power to issue Writs agreeably to the principles of that Law. The Common Law remedies were therefore adopted by the Judiciary Act of 1789, c. 20 and it has been Judicially determined that these remedies are to be not according to the varying practice of the State Courts, but according to the principles of the Common Law, as settled in England. This of course, is to be understood with the exception of such modifications as have been made by Acts of Congress, the rules of court made under these acts, and the State Laws in force in 1789.

The 18th Section, considering that there would be an immediate right of execution by the previous provisions, gave a limited stay. There are other provisions to the same effect in the 23rd; 24th; and 25th Sections,. There are various other provisions, but the result is, in all but the excepted cases, to give an immediate right of execution, or after a limited delay.

Whether these acts, in their terms, are to be understood as embracing the forms of Process only, or also as describing the effect, was not, perhaps, very material to inquire. The words, understood in their natural sense, comprehend the whole. The provision as to executions, shows that they were so understood. But it is entirely certain, that by the conjoint operation of the Judiciary Act, and the Process Act, the means to be used in the administration of Justice, as to their nature, form and effect, were fixed upon a permanent basic, subject to alterations by no other Legislative Power than that of Congress and the power given to the Courts of the United States in the 2nd section of the Act of May 8, 1792, c. 137 (XXXVI) with the exception of changes since made by Congress and by the Court. The remedies now to be used are the same as were used in September 1789.

But, independent of these general considerations, the question has been repeatedly subjected to Judicial determination both in the Circuit Courts and in this Court. Thus in **UNITED STATES vs. WARSON, (cite omitted)**it was held, that the provision in the 34th section of the Judiciary Act of 1789, c. 20, making the State Laws 'Rules of Decisions' in the courts of the Union, did not apply to the process and practice of the Federal Courts. In **CAMPBELL vs. ROBINSON,**the Court held that the remedies in the Courts of the United States, both at Common Law, and in equity, are to be, not according to the fluctuating practice of the State Courts, but according to the principles of Common Law and equity as distinguished and defined in that country from which we derive our knowledge of those principles. The case of **PALMER vs. ALLEN**, also confirms the principle for which the Plaintiff/Petitioner insisted.

ClbPDF - www.fasiso.com

The above is relevant, as in the Historical and Statutory Notes for 28 USC s/s 2072, supra, the nature of rules promulgated by the Supreme Court for Civil Rules of Procedure and ultimately, Federal Rules of Evidence is disclosed.

The rules of practice in Admiralty and Maritime cases, promulgated by the Supreme Court on December 20, 1920, effective March 7, 1921, as revised, amended and supplemented, were recinded, effective July 1, 1966. Provisions for certain distinctively Maritime remedies were preserved however, in the Supplemental Rules for certain Admiralty and Maritime claims, Rules A to F, Federal Rules of Civil Procedure.

Admiralty jurisdiction does not extend inland to the Union of the several States party to the Constitution. The Application of Admiralty jurisdiction was explained briefly and to the point in **CROOKHAM vs. MUICK**, D.C., Pa., 1965, 246 Supp. 288; "Court in Admiralty applies the law of the sea, Maritime Law". Chief Justice Marshall in **WAYMAN, et. al. vs. SOUTHARD et.al.,** clearly set out what the law applies within the Union of the several states - substantial Due Process, contemplated by the <u>ARISING UNDER</u> clause at Article III s/s 2.1 in the Fifth, Sixth and Seventh Articles of Amendment to the Constitution contemplate Due Process of Law in the course l of the English/American Common Law at the time Congress convened as the Congress of the United states.

And of course, Congress may act under delegated powers where the Union of the several states are concerned, the Constitution delegates very little authority to Congress with respect to what are and can be prosecuted as crimes against the United States in the Union of the several States party to the Constitution. The limits were articulated in **UNITED STATES vs. WORALL**, 2 Dallas ( 2 U.S.) 384, 391 (1798).

In relation to crimes and punishments, the objects of the delegated power of the United States are enumerated and fixed. Congress may provide for the punishment of counterfeiting, Securities and current Coin of the United States, and may define and punish piracies and felonies committed on the High Seas, and offenses against the law of nations. Article s. 8.. But there is no reference to a Common Law authority; every power is a matter definite and positive grant; and the very powers that are granted, cannot take effect until they are exercised through the medium of a law.

There was an additional power to prescribe punishment in the Constitution at the time of the WORRALL decision, noted by Thomas Jefferson in the Kentucky Resolutions, and listed at Article III s/s 2.1 of the Constitution.

The Congress shall have power to delegate the punishment for Treason, but no attainder for Treason shall work Corruption of Blood, or forfeiture except during the life of the person attained.

Since alleged ratification of the Fourteenth Amendment in 1968, several Amendments have authorized Federal

ClickPDF - www.fastio.com

intervention in the event of voting rights of "citizens" of the "United States" (Section 1, Fourteenth Amendment), and theoretically, Congress might impose and enforce provisions for an "Income Tax" (excise tax) promulgated under authority of the Sixteenth Amendment. That matter, however, has already been disposed of; the Corporate Income Tax promulgated approximately simultaneously with the Sixteenth Amendment (1913) was repealed by the INTERNAL REVENUE ACT of November 23, 1921, leaving the 'normal tax' on salaries of Government Officers and employees as th only remaining tax under Article II of the act.

Obviously, the question to be answered so far as laws of the United States are concerned, is more on the order of the second question Chief Justice Marshall answered in **WAYMAN et.al. vs. SOUTHARD et.al.**; whether or not Congress has acted under Constitutionally delegated authority when promulgating laws of the United States, or has acted under sundry other authorities, including Admiralty and Maritime Jurisdiction, International Relations, Article IV s/s 3.2 municipal authority in territories of the United States, or has acted in it's non-constitutional capacity as government for the **"UNITED STATES OF AMERICA"**, a government proven to be foreign to the United States.

Two other Titles of the United States Code are significant as they are areas where Congress has extended authority not specifically delegated by the Constitution. First is Title 8 of this Code, pertaining to "IMMIGRATION AND NATURALIZATION". This Title, per the preface written by NEWT GINGRICH, the then Speaker of the House, has not been enacted as Positive Law. Therefore, it is only 'prima-facie' evidence of the law, it does not qualify as "LEGAL EVIDENCE", and suffers somewhat the same fate as Title 26 of the United States Code.

The Constitution at Article I s/s 8.4 delegates the following authority to Congress:{The Congress shall have the power to establish a UNIFORM rule of Naturalization. Congress is empowered to prescribe a UNIFORM rule, not to carry out enforcement authority in the Union of the several States. The power does not exist, as demonstrated by the separate mention of prescribing punishment for Counterfeiting securities and current coin of the United States at Article I s/s 8.6. The intent of the Constitution so far as Immigration and Naturalization was clearly set out in Ex-Parte Knowles, 5 Cal. 300 (1855). "A citizen of any of the States of the Union, us held to be, and called citizen of the United States, although technically and abstractly there is no such thin. To conceive a citizen of the United States who is not the citizen of one of the States is totally foreign to the idea, and inconsistent with the proper construction and common understanding of the expression as used in the Constitution, which must be deduced from it's various provisions. The object then to be attained, by the exercise of the power of Naturalization, was to make citizens of the respective States. Only after the (14th) Fourteenth Amendment was promulgated at BAYONET point was the citizen of the United States created. The result was articulated in **UNITED STATES vs. CRUIKSHANK**, 92 U.S. 542 (1875).

We have in our Political system a Government of the United States, and a Government of each of the several States.

Each one of these Governments are distinct from the other, and each has citizens of it's own who owe it allegiance, and whose rights, within it's jurisdiction, that specific Government ,must protect. This same person may, at the same time be a citizen of the United States, and a citizen of one of the several States, AND HIS/HER RIGHTS OF CITIZENSHIP under one of these specific Governments will be different from those he/she has under the other.

The original purpose of the (14th) Fourteenth Amendment was allegedly to provided citizenship for AFRICAN AMERICANS liberated by the Civil War. However, the several States have amended their State Constitutions to extend citizenship regardless of race. So the citizen of the United States contemplated by the (14th) Fourteenth Amendment immediately following the Civil War has vanished. Today, the citizen of the United States, is a citizen of the geographical United States under Congress' Article IV s/s 3.2 "LEGISLATIVE JURISDICTION". This is demonstrated by the definitions of STATE and UNITED STATES.

26 CFR Part 31.3121(e)-1; State, United States, and Citizen; (a) when used in the regulations in this sub-part, the term 'state' includes the following: The District of Columbia; The Commonwealth of Puerto Rico; The Virgin Islands; Territories of Alaska and Hawaii before their admission as States; and (when used with respect to services performed after 1960), Guam and American Samoa. (B) when used in the regulations of this sub-part, the term "United States" when used in the geographical sense, means the several States (now including the territories of Alaska and Hawaii).

The definitions at 26CFR, part 31.3121(e)-1 are convenient as they demonstrate between United States territories known and defined ass States, from the Union of the several States party to the Constitution; the territories of Alaska and Hawaii were included in the definitions of 'State' and 'United States' prior to admission to the Union of the several States party to the Constitution; they are no longer defined as such since admission to the Union.

Here is where the Admiralty Rules effected by rules promulgated under authority of 28 USC s/s 2072 come into play. Congress long ago begun imposing Maritime Law or it's equivalent, Civil Law, in territories belonging to the United States. This, too was acknowledged by Chief Justice Marshall **in: AMERICAN INSURANCE CO. vs. 356 BALES OF C**OTTON, 1 pet 511 (1828), as He made observations concerning the nature of the United States District Court, and imposition of Admiralty jurisdiction within the territories of the United States. The Chief Justice stated, quote:"**THESE TERRITORIAL COURTS THEN, ARE NOT CONSTITUTIONAL COURTS, IN WHICH THE JUDICIAL POWER CONFERRED BY THE CONSTITUTION ON THE GENERAL GOVERNMENT CAN BE DEPOSITED . THEY ARE INCAPABLE OF RECEIVING IT. THEY ARE MERELY LEGISLATIVE COURTS.** unquote.

Here we have the clear separation between United States jurisdictions in less than (40) forty years after Congress first convened under the Constitution of the United States. One of the first rounds over Federal usurpation of power was over the

CUtePDF - www.fsoto.com

alien and sedition acts, which Thomas Jefferson led the charge to turn back via the Kentucky Resolutions. The next initiative, (through territories of the United States acquired for westward expansion) was to impose Civil/Admiralty Law within the territories.

The Supreme Court addressed the character of United States Article IV Territorial/Legislative Courts in **BALZAS vs. PUERTO RICO**, 258 U.S. 298, at 312 (1921). The High Court stated: **"THE UNITED STATES DISTRICT COURT IS NOT A TRUE UNITED STATES COURT ESTABLISHED UNDER ARTICLE III OF THE CONSTITUTION TO ADMINISTER THE JUDICIAL POWER OF THE UNITED STATES THEREIN CONVEYED. IT IS CREATED BY VIRTUE OF THE SOVEREIGN CONGRESSIONAL FACULTY, GRANTED UNDER ARTICLE IV SECTION 3 OF THAT INSTRUMENT, OF MAKING ALL NEEDFUL RULES AND REGULATIONS RESPECTING THE TERRITORY BELONGING TO THE UNITED STATES. THE RESEMBLANCE OF IT'S JURISDICTION TO THAT OF THE UNITED STATES COURTS IN OFFERING AN OPPORTUNITY TO NON RESIDENTS OF RESORTING TO A TRIBUNAL NOT SUBJECT TO LOCAL INFLUENCE, DOES NOT CHANGE IT'S CHARACTER AS A MERE TERRITORIAL COURT".**

The Constitution contemplates the United States owning only territory sufficient for operation of Government (Article I s/s 8.17). However, even as Congress convened under the Constitution of the United States, the United States was responsible for governing the Northwest territory (land donated by the existing States), with the purpose being for returns from the developing territory to pay off carry-over and cumulative debt from the Revolution, and government operation made by the Articles of Confederation. The territory was to become States, which came to pass in the ordinance of 1787 for governing the Northwest Territories. The compact established Common Law and Due Process in the course of the Common Law as the law of the land.

Aliens who are residents of, or who are otherwise situated in the Union of several States party to the Constitution are subject to the law of the land, being the Constitution of the United States, the Constitution of the respective States, and those ;laws of the several States which are generally and specially applicable. The Constitution of the United States, supra, empowers Congress to prescribe uniform rules for Naturalization, it does not extend authority for the United States to invade the Union of the Several States, individually pr collectively, with Civil Enforcement authority. In fact, Article I s/s 8, and Article IV of the Constitution requires Congress to call out the Militia: (1) to protect the several states from invasion; (2) on invitation from the legislature or Chief Executive Officer of the State, to put down rebellion, and (3) to enforce laws of the Union. The latter contemplates laws which emanate from Congress' Article I s/s 8 authority, not Article IV s/s 3.2 municipal powers in the geographical United States.

Title 21 of the United States Code is significant, as it contains the basic Federal Drug Laws which are  controlled

dangerous substances.  This Title along with alleged gun laws in Title 26 and Title 18 are probably the greatest source of Federal Prosecution of people in the Union of the several States.

There is no Constitutional grant of authority for the United States to make chemical substances of all kind illegal, and to enforce those prohibition laws, in the Union of the several States party to the Constitution.  In order to extend Federal authority to the several States there would have to be an Amendment of the Constitution on the order of the 18th Amendment, repealed by the 21st, which contained a clause something on the order of section 2 of the 18th Amendment.  Without an enumerated power, per the 10th Article of Amendment, the United States may not exercise power in the Union of the several States party to the Constitution.

This matter was addressed at length in **UNITED STATES vs. CONSTANTINE**, 296, U.S. 223 (December 1935).  The Constantine decision was largely, if not primarily responsible for abolishment of the Federal Alcohol Administration, and transfer of the Administration to the Bureau of Internal Revenue  to both the Internal Revenue Service and the Bureau pf Alcohol, Tobacco and Firearms) via Reorganization Plan No. 111 of 1940.

Section 2 of the 18th Amendment granted concurrent jurisdiction for State and Federal Governments to enforce Alcohol Laws.  With the repeal of th 18th Amendment, (21st promulgated in December 1933), Federal Government lost Civil enforcement authority in the Union of the several States party to the Constitution.

The Bureau of Internal Revenue , Puerto Rico, and the Bureau of Internal Revenue, Philippines were tied in the drug scam almost from the beginning.  Both of these entities were created by provisional governments of the respective United States non-contiguous territories in approximately 1904.  Until 1938. they were responsible for administering the China Trade Act, which addressed trade in Opium, Cocaine, and Citric Wines.  Other treaties replaced the China Trade Act, but the nature of the treaties remain the same.  They are private international law, which is not mentioned, and it is therefore not authorized by Article III of the Constitution only with the framework of delegated powers.  Treaties may not be employed as a means for amending the Constitution, or extending Federal authority which is not specifically noted, or stated at all.

Certainly, the American people have a terrible problem with drugs and the abuse of drugs is reprehensible, but the cure has proven to be far worse than the malady.  In declaring WAR ON DRUGS, State and Federal Enforcement committees have used this opportunity to field what amounts  to "INVASION FORCE", this does far more harm and is a greater threat to life, and liberty, than implementing reasonable controls at State and Local Levels  - controls on the order of those that presently regulate production and distribution of Alcoholic beverages.  The experience with prohibition of Alcohol speaks to the matter loud and clear, **GOVERNMENT IS NOT AN EFFECTIVE MORAL CUSTODIAN.......**

Moral issues aside, the Constitution of the United States does not articulate a positive grant of authority for the United States to promulgate laws relative to any given commodity, regardless of origin , use, etc., that the sovereign people might elect to produce or consume. Possibly, the Federal Government could levy and excise tax on certain commodities, but that is the limit of Federal power granted for effecting enterprise and activity of the sovereign people - particularly interstate.

Again, however, the question that must be addressed is the second question that Chief Justice Marshall in the **SOUTHARD,et.al.** decision. What has Congress done? Definitions of interstate Commerce and foreign commerce, so far as Title 18 of the United States Code is concerned, are located at 18 USC s/s 10 as follows:" INTERSTATE COMMERCE AND FOREIGN COMMERCE DEFINES THE TERM **'INTERSTATE COMMERCE'** AS USED IN THIS TITLE, INCLUDES COMMERCE BETWEEN ONE STATE, TERRITORY, POSSESSION, OR THE DISTRICT OF COLUMBIA AND ANOTHER STATE..."

Again, applications of terms at Rule (54){c} Federal Rules of Criminal Procedure for the United States District Courts, provides sideboards for the definition above.

This idiocy is a CLEAR TRAP; at 28 USC s/s 2072 (b), the section states"....All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Therefore, whether 28 USC s/s 2072, or the Public Law which contains the provision, is constitutional or not. The definitions of "INTERSTATE COMMERCE AND FOREIGN COMMERCE" , must be interpreted in the framework of Rule (54)(c) applications - - the definition at 18 USC s/s 10 of "Inter-State Commerce" is clearly applicable only in the geographical United States subject to Congress' Article IV s/s 3.2 Legislative jurisdiction, exclusive to the Union of the several States party to the Constitution. This is consistent with the "Act of Congress" and "State applications at Rule (54)(c) of the Federal Rules of Criminal Procedure for the United States District courts.

As is the case for 18 USC s/s 7, which defines "Special Maritime and Territorial Jurisdiction of the United States". The definitions of Interstate Commerce and also Foreign Commerce convey no authority and establish no standing for any court or agency or department of the United States, and creates no right, remedy, or obligation, as they are merely definitions. They do not prescribe application or otherwise carry the force of law.

Historical and Statutory Notes for 18 USC s/s 10 also demonstrate liberties taken by the Revision Committee with respect to language. The original Statute in the Statutes at Large that this section is possibly predicated on evidently uses the term "Transportation" where the definition, supra uses the term "Commerce". A relative portion of the note follows: "In addition to slight improvements in style, the word "Commerce" was substituted for "Transportation" in order to avoid the narrower connotation of the word "Transportation" since Commerce obviously includes more than "Transportation". The word "Possession was inserted in two places to make the definition more accurate more accurate and comprehensive since the places

ClibPDF - www.fastio.com

included in the "Possession" would normally be within the term defined and a narrower construction should be handled by express Statutory exclusion in those crimes which Congress intends to restrict to Commerce within the Continental United States, 80th Congress House Report # 304.

In short , the "definition" of Interstate Commerce above applies only to non-contiguous territories of the United States and the District of Columbia, not to the Union of the several States party to the Constitution. A narrower construction would have to apply if the "definition" was applicable to the Union of the several states party to the Constitution. The broader definition. which employs the term "Commerce" in lieu of Transportation, can be expansive, even if 18 USC s/s 10 is merely restatement of law rather than law, as Congress has plenary municipal powers in the geographical United States by virtue of Article IV s/s 3.2 authority.

The original Statute, which appears to be the Act of October 29, 1919, c. 88 s/s 2(b). 41 Stat. 325, employs the term "Transportation" rather than "Commerce". Generally speaking, this is consistent with Constitutional intent. Historically, the Commerce clause was not interpreted to give the United States control of everything from production on the one end, to consumption on the other. That which transpires intrastate prior to shipment, and following delivery, has never been considered "Interstate Commerce" so far as the Constitutional grant of Authority at Article I s/s 8.3 is concerned. Where the Union to the several States party to the Constitution is concerned, legislation under Congress' Article I s/s 8.3 delegated powers must be in the confines of what terms meant at the time the Construction was enacted. So far, as the geographical United States subject to Congress' Article IV s/s 3.2, Legislative jurisdiction is concerned, Congress has authority to define "Commerce"; "Interstate Commerce", etc., however Congress pleases.

For purposes at hand, it is sufficient to show that the definitions of "Interstate Commerce" and " Foreign Commerce" at 18 USC s/s 10 **DO NOT ESTABLISH STANDING OR TERRITORIAL OR SUBJECT-MATTER JURISDICTION**; and that the definition is applicable only in the geographical United States subject to Article IV s/s 3.2 municipal authority. Whatever Congress has done so far as promulgating law predicated on these definitions is not applicable under Congress Article I s/s 8.3 delegated authority relating to the Union of the several States party to the Construction.

This rather lengthy presentation has covered ground not immediately relevant to matters at hand in order to demonstrate the score of fraud, and usurpation of power , effected under the illusion that the United States Code constitutes laws of the United States. **NOTHING COULD BE FURTHER FROM THE TRUTH, NOTHING AT ALL!!!!** Those Titles which have been enacted as Positive Law are merely 'LEGAL EVIDENCE" of the Law; those Titles which have not been enacted as Positive Law are prima-facie evidence only. Titles 21 and 26 of the United States Code doesn't even have legal implication . All criminal offenses in the United States Code are predicated on prosecution under provisions of Title 18. As has already been  excessively demonstrated, Title 18, because of 18 USC s/s 7 being a definition rather than a Statute which confers

CutePDF - www.foxis.com

jurisdiction, does not establish standing, nor does it establish Territorial or Subject-Matter jurisdiction. The definition is an amalgamation of 8 different jurisdictions derived from sundry Acts of Congress promulgated in the Statutes at Large. Generally speaking, sections in Title 18 of the United States Code, such as Title 18 USC s/s s/s 1503 & 1504, do not include jurisdictional information. These sections in and of themselves , may constitute evidence that there is a Statute of this kind in some law promulgated by Congress, but the code sections themselves do not disclose authority and application. The import is as follows:

"Nothing becomes law simply because men who possess the Legislative power will that it should be .unless they express their determination to that effect in the mode pointed out by the instrument which vests them with power, and under all the forms which that instrument has rendered essential. **CAINE vs. ROBBINS**, 131, P.2d. 516 (Nev. 1942), citing Cooley's Constitutional limitations, 6[th] Edition, P. 155.

All these rules and solemnities, whether derived from the Common Law or prescribed by the Constitution, which are of the essentials of law making, must be observed and complied with and, without such observance and compliance, the will of the Legislature can have no validity as law.

The United States Code does not pretend to be the laws of the United States. They perpetuate deceit, relying on contrivance and fraud for advantage. The fact that the Code was not enacted as a "Statute" of the United States was verified, supra., One of the missing essentials is AN ENABLING CLAUSE. Without an enabling clause, which discloses authority and application, the various sections of the Code which are EVIDENCE that Statutes of the United States Code on that order do exist, cannot have the force of law as they fail the test of designating authority and application.

Sections of the Code cannot be, or replace Statutes of the United States because many, if not most, represent amalgamations from sundry jurisdictions which are not separately identified, and Congress' capacity when promulgating any given Statute underlying United States Code sections isn't disclosed.

Constitutions from nearly all States party to the Constitution have 'enabling clauses' prescribed in respective tests. The following are some examples from ut of the last century:

1. CALIFORNIA; Constitution of 1879

Section 1: the enacting clause of every law shall be :" **THE PEOPLE OF THE STATE OF CALIFORNIA, REPRESENTED I SENATE AND ASSEMBLY, DO HEREBY ENACT!!!!!!**

2. INDIANA: Constitution of 1851

Section 1: The style of every law shall be: **"BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF INDIANA!!!!!!**

3. TEXAS; The 'Enacting Clause' of all laws shall be: **BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS. !!!!!**

4. NORTH CAROLINA: The style of the acts shall be: **THE GENERAL ASSEMBLY OF NORTH CAROLINA DO ENACT!!!!!!**

The purpose of Enabling or Enacting clauses has been articulated in numerous courts over the years.  One of the more complete statements on the subject was found in **JOINER vs. STATE,** 155 S.E..d,. 8,10,  223 Ga. 367 (1967).

The Enacting Clause is that portion of a Statute which gives it jurisdictional authority, identity and Constitutional authenticity..  The purpose of an enacting clause is to establish the act, to go give it permanence, uniformity and certainty, to afford evidence of it's legislative, Statutory nature, and thus prevent inadvertence, possible mistake and fraud.

The following citations speak further to enabling clauses: **FERRILL vs. KEEL**, 151 S.W. 269,272, 105 Ark. 380 (1912): **PEARCE vs. VITTUM**, 61 N.E. 1116, 1117, 193 Ill. 192 (1901); **STATE vs. REILLY**, 95 Atl. 1005, 1006,88 N.J. Law 104 (1915).

The Common Law tradition of employing enacting clauses to identify authority sources and applications of law is unbroken.  Also, without a specific "BE IT ENACTED" statement, there is NO enactment.  IN SCRIPTURE, GOD spoke the very first light into existence – there has to be a command from a proper authority to put anything into motion.  Written words do not become something such as law, a contract, or any other binding instrument, without something to point to some form of authority competent to make the declaration.

SCRIPTURE is a rich source for ENACTING CLAUSES which have been written, and/or simply SPOKEN COMMANDS, i.e.; "The Ten Commandments", (Exodus 20;2-8);(Deuteronomy 5: 6-12).  Moses used the same in Deuteronomy 6:1.  The pattern is followed throughout SCRIPTURE...Prophets identified themselves and their source of authority.  The GOSPELS also display the same.  Each writer identified their authority.

Historically, we see the same thing in the following: Ceasars, Emperors, of the Roman Empire also followed this style. Constantine issued an edict against soothsayers: {The Emperor Constantine August to Maximus.  No soothsayer)....Henry

Bellenson, Documents of the Christian Church, 2nd ed., Oxford University Press, 1963, P.25.

The Magna Charta, a Foundation Document in the English American Common Law, and is part of the organic law of nearly every State, begins with KING JOHN'S identity and authority: (1215) "JOHN, BY THE GRACE OF GOD, KING OF ENGLAND, LORD OF IRELAND, DUKE OF NORMANDY...."

The American history with enabling clauses or enacting clauses dates to the Ordinance for Virginia, July 24, 1621; "An Ordinance and Constitution of the Treasury, Council and Company in England..." (Documents of American history edited by: Henry S. Connager, Appleton, New York 1949 P. 13), see the following citations: **SJOBERG vs. SECURITY SAVINGS AND LOAN ASSN.**, 73 Minn. 203, 212, 213 (1898): **STATE vs. KOZER**, 239 Pac. 805, 807, (Ore. 1925): **JOINER vs. STATE**, 155 S.E. 2d, 8, 9, 223, Ga. 367 (1967): **CITY OF CARLYLE vs. NICOLAY**105 N.E. 211, 216, 217 (Ill. 1929): **STATE vs. BURROW**, 104 S.W. 526, 529, 119 Tenn. (1907): **CAINE vs. ROBBINS**, 131 P.2d., 516, 518, 61 Nev. 416 (1942).

Although the Constitution of the United States does not expressly articulate a mandate for enabling or enacting clauses, the necessity is obvious. The Constitution itself, establishes this Common Law principle by examples in the preamble which stipulates authority. Without an enacting clause, Legislation would be no more than writing on fragments of paper. This is approximately the value of the United States Code. It is a conveint classification system, that constitutes evidence of law, but in and of itself, the UNITED STATES CODE is completely devoid of any authority. **IT IS NOT THE LAW........**

He who seeks to enforce law must prove standing, which is the chain of command vesting enforcement responsibility; he who seeks to enforce law, must then prove Territorial jurisdiction, which is extremely important where Federal Government is concerned which is expressly articulated in the (10th) Tenth Amendment; it is also paramount that SUBJECT-MATTER jurisdiction be also proven beyond doubt.

Further, Your Petitioner has demonstrated that by Congress having delegated Legislative and repeal powers to the Supreme Court of the United States, (28 USC s/s 2072), (1) Application of terms at (Rule 54(c)) of the Federal Rules of Criminal Procedure for the United States District Courts forces Territory conformity to the geographical United States under Congress' Article IV s/s 3.2 Legislative jurisdiction for all criminal provisions evidenced in the United States Code, and (2) by Congress having delegated Legislative and veto powers to the Supreme Court, the ULTRA VIRUS effect is to make all subjected law unconstitutional and unenforceable so far as the Union of the several States and the sovereign people who are citizens of, or who are otherwise situated in the Union of the several States party to the Constitution are concerned.

The Supreme Court's decision # 93-1260 - **UNITED STATES vs. ALFONSO LOPEZ, JR.**, wherein the Supreme

ClickPDF - www.fazop.com

Court affirmed the Appeals Court for the Fifth Circuit, Mr. Justice Thomas spoke top the matter, and in relative part stated: today, however, I merely support the Court's conclusion with a discussion of the text, structure and history, and an analysis of our early case law. My goal is simply to show how far we have departed from the original understanding and to demonstrate that the result we reach is by no means radical, see post at 1. I also want to point out the necessity of refashioning a coherent test that does not tend to "obliterate the distinction between what is national and what is local and thus create a completely centralized Government", see **JONES & LAUGHLIN STEEL CORPORATION**, Supra at 37. Mr. Justice Thomas continued; "Much, if not all of Article I s/s 8 would be surplusage if Congress had been given authority over matters that substantially effect Interstate Commerce. An interpretation of Clause 3 that makes the rest of s/s 8 superfluous simply cannot be correct. Yet this Court's Commerce Clause jurisprudence has endorsed just such an interpretation; the power we have accorded Congress has swallowed Article I s/s 8. The comments of Hamilton and others about Federal power reflected the well known truth that the new Government would have only the limited and enumerated powers found in the Constitution. See e.g. 2 Debates 267-268 (noting that there would be just cause for rejecting the Constitution if it would enable the Federal Government to alter or abrogate a State's Civil and Criminal Institutions or penetrate the recesses of domestic life, and control, in all respects the private conduct of individuals). Even before the passage of the Tenth Amendment, it was apparent that Congress would possess only those powers {herein granted} by the rest of the Constitution. United States Constitution, Article I s/s 1.

Ms. Justice Sandra Day O'Connor in her comments of the LOPEZ decision stated:" It would be mistaken and mischievous for the political branches to forget that the SWORN OBLIGATION to preserve and protect the Constitution in maintaining the Federal Balance is their own in the first and primary instance. This is not the case where the etiquette of federalism has been violated by a formal command from the National Government directing the State to enact a certain policy. While the intrusion on State Sovereignty may not be as severe in this instance as in some of our recent Tenth Amendment cases, the intrusion is none the less significant. Absent a stronger connection or identification with commercial concerns that are central to the commerce clause, that interference contradicts the Federal Balance the framers designed and that this Court is OBLIGED TO ENFORCE."

Chief Justice Rehnquist in his stating of the majority opinion in the LOPEZ decision stated: "The Constitution creates a Federal Government of enumerated powers. United States Constitution Article I s/s 8. As James Madison wrote: [the powers delegated by the proposed Constitution to the Federal Government are few and defined. Those which are to remain in the State Governments are numerous and indefinite.] This constitutionally mandated division of authority was adopted by the framers to ensure protection of our fundamental liberties. **GREGORY vs. ASHCROFT**, 501 U.S. 452, 458 (1991). Just as the separation and  independence of the coordinate branches of the Federal Government serves to prevent the accumulation of excessive power in any one branch, a healthy balance of power between the States and the Federal Government will reduce the risk of tyranny and abuse from either front, Ibid. We pause to consider the implications of th Government's arguments.

The Government admit, under it's cost of crime, reasoning that Congress could regulate not only all violent crime, regardless of how tenuously they relate to Interstate Commerce.. Congress could regulate any activity that it found was related to the economic productivity of individual citizens; family law; including marriage, divorce and child custody, for example: under the theories that the Government presents in support of 922(q), it is difficult to perceive any limitation of Federal Power, even in areas such as criminal law enforcement or education where States have historically been sovereign.  Thus, if we were to accept the Government's arguments, we are hard pressed to posit any activity by an individual that Congress would be without power to regulate.

The Federal Government is acknowledged by all to be one of enumerated powers.  The principal that it can exercise only those powers granted to it are now universally accepted.

This decision was handed down on April 27, 1995 by the United States Supreme Court and is therefore precedent.

## C O N C L U S I O N

The instant matter is defaulted from the onset, the indictment C 97-00091-001 serves as "prima-facie" evidence that whatever complaint was filed, it was predicated on 21 USC s/s s/s 841 & 846.  These
titles of the United States Code DO NOT ESTABLISH STANDING for the complaining party or Territorial or Subject-Matter jurisdiction.  The case number 96-10024-001 entitled **UNITED STATES OF AMERICA vs. WILLIAM CALVIN GRIMES,** etc., brought before an Article IV s/s 3.2 Legislative Territorial United States District Court in the Southern District of Texas is **U N C O N S T I T U T I O N A L**.  The indictment charges and alleges offenses against Title 18 and Title 21 of the United States Code.  As has been extremely well demonstrated herein, Title 18 and Title 21 ARE NOT LAW , they are merely evidence of law.  NEWT GINGRICH, the then speaker of the House, in his preface to the 1994 edition verified this (quote)" ALL THE TITLES OF THE CODE WILL BE LEGAL EVIDENCE OF THE GENERAL AND PERMANENT LAWS" (unquote).  Titles 18 & 21 create no franchise of authority for any Officer, Agency, Department or Court of the United States, and they do not establish Territorial or Subject-Matter jurisdiction to any Court of the United States.  The indictment is therefore fraud on it's face, with the effect of condemning all proceedings thereafter, including arraignment and sentencing.

THEREFORE, THIS MATTER MUST BE OVERTURNED, AND THE CONVICTION OF YOUR PETITIONER IS **VOID AB INITIO,** AND MUST IN ACCORDANCE WITH THE CONSTITUTION BE OVERTURNED, VACATED AND SET ASIDE. a TOTAL AND COMPLETE EXPUNGEMENT OF THE RECORD SHOULD THEN ENSUE DUE TO THE EXCESSIVE ABUSE AND HARASSMENT YOUR PETITIONER HAS HAD TO ENDURE DUE TO THIS MISCARRIAGE OF JUSTICE.  YOUR PETITIONER CANNOT BE HELD RESPONSIBLE FOR UNCONSTITUTIONAL RULES AND REGULATIONS AND/OR STATUTES.

CVirPDF - www.favisa.com

**WILLIAM CALVIN GRIMES**

Petitioner, Pro-Se

William Calvin Grimes

DATE
2-24-00

**Page 38**